**Roland OTTERSON, Respondent,**

v.

**Kevin David HOUSE, Respondent,**

**William J. Smith, Appellant,**

**Fond du Lac Development Corporation, Defendant.**

**No. C0–95–2156.**

Court of Appeals of Minnesota.

March 5, 1996.

Review Denied April 26, 1996.

Considered and decided by NORTON, P.J., and LANSING and FOLEY, JJ.

## OPINION

FOLEY, Judge. *

This appeal arises from the denial of a motion to dismiss made by the Fond du Lac Band, a federally recognized Indian tribe, with respect to a negligence claim against an employee of the tribe.

## FACTS

On January 13, 1995, William J. Smith, a security guard for the Fond du Lac Development Corporation (the corporation), was delivering mail off-reservation to the U.S. Post Office in Cloquet, Minnesota. Smith allegedly pulled out of his lane and forced motorist Kevin D. House to change lanes in order to avoid an accident with Smith. House claims he was forced into the turn lane where Roland J. Otterson was waiting to make a turn and, as a result, the cars driven by Otterson and House collided. On April 12, 1995, Otterson filed an action in conciliation court alleging negligence against Smith and the corporation. The corporation is a tribally chartered, tribally owned corporate subdivision of the Fond du Lac Band (the tribe), which holds title to the assets of the tribe.

On May 15, 1995, the tribe filed a motion in conciliation court to dismiss the claim against the corporation and Smith. The tribe argued that (1) the court lacked subject matter jurisdiction, (2) Otterson failed to state a claim and, in the alternative, (3) summary judgment was proper. The corporation's motion was granted. Smith's motion, however, was denied. On July 3, 1995, House crossclaimed against Smith in negligence.

On July 5, 1995, the tribe filed a demand for removal of the Smith case to district court, which was granted over the opposition of House and Otterson. At the district court level, the tribe moved for dismissal on the grounds that (1) the court lacked subject

Thomas M. Skare, Newby, Lingren, Carlson & Skare, Ltd., Cloquet, for Roland Otterson.

Michael W. Haag, Crassweller, Magie, Andresen, Haag & Paciotti, P.A., Duluth, for Kevin David House.

Dennis J. Peterson, Fond Du Lac Band of Chippewa, Cloquet, for William J. Smith.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 2.

matter jurisdiction, (2) the court lacked personal jurisdiction, and (3) the tribal court's interests would be undermined if the court were to find jurisdiction and, in the alternative, (4) summary judgment was proper. The district court denied the motions and remanded the case back to conciliation court for trial.

## ISSUE

Does the tribe's sovereign immunity bar the claims by House and Otterson against Smith?

## ANALYSIS

■ Whether a suit is barred by a tribe's sovereign immunity is an issue of law that this court must determine de novo. *Burlington N. R.R. v. Blackfeet Tribe*, 924 F.2d 899, 901 (9th Cir.1991), *cert. denied*, 505 U.S. 1212, 112 S.Ct. 3013, 120 L.Ed.2d 887 (1992).

Indian tribes and their governing bodies possess common-law immunity from suit. They may not be sued absent express and unequivocal waiver of immunity by the tribe or abrogation of tribal immunity by Congress.

*Id.* Sovereign immunity extends to tribal officials acting within their scope of authority. *Hardin v. White Mountain Apache Tribe*, 779 F.2d 476, 479 (9th Cir.1985).

■ Tribal immunity, however, is not a bar "to actions which allege conduct that is determined to be outside the scope of a tribe's sovereign powers." *Snow v. Quinault Indian Nation*, 709 F.2d 1319, 1321 (9th Cir.1983), *cert. denied*, 467 U.S. 1214, 104 S.Ct. 2655, 81 L.Ed.2d 362 (1984).

Smith argues the present claim may not be brought against him in state court because tribal sovereign immunity extends to him in his capacity as an employee of a tribal corporation. In support of this argument, Smith cites *Hardin*, 779 F.2d at 479–80 and *Snow*, 709 F.2d at 1322.

■ It is undisputed that Smith was acting within the scope of his employment as a security guard for the corporation. The issue here is whether a tribal employee shares the same immunity that tribal officers enjoy.[1] We hold that this protection is not extended to tribal employees who are not officials of the tribe in a tort action that arises from activities that occur off-reservation. *Cf. Diver v. Peterson*, 524 N.W.2d 288, 291 (Minn. App.1994) (tribal sovereign immunity extends to tribal officials acting in their official capacity even though the claim arose off-reservation), *review denied* (Minn. Feb. 14, 1995).

Neither case cited by Smith supports his claim that he should be protected by the sovereign immunity that the tribe enjoys. In *Hardin*, a nonmember brought an action against the White Mountain Apache Tribe and various tribal officials, challenging his exclusion from tribal lands based on a criminal conviction. The Ninth Circuit Court of Appeals found that tribal immunity extended "to individual tribal officials acting in their representative capacity and within the scope of their authority." *Hardin*, 779 F.2d at 479. Likewise, in *Snow*, the same court reaffirmed the general rule that tribes and their officials enjoy sovereign immunity. *Snow*, 709 F.2d at 1321. More specifically, immunity attached to protect the tribe and tribal officials from a federal claim for injunctive and declaratory relief arising from the tribe's imposition of a business license fee and tax on business activities within the reservation. *Id.* at 1322. Neither case, however, extends sovereign immunity to tribal employees.

■ Here, Smith's employment duties are distinguishable from the duties of the officials in both *Hardin* and *Snow*. Smith's employment is merely ministerial, and none of his duties calls for him to rely on a delegation of tribal authority. Therefore, the activity of operating a motor vehicle in delivering mail off of the reservation, more specifically on a public street in Cloquet, does not relate to policymaking. Consequently, tribal immu-

---

1. Smith lived in Cloquet, was not a member of the tribe, and his capacity was that of an employ-ee only.

nity does not extend to Smith. *Cf. Diver,* 524 N.W.2d at 290 (tribal immunity applies to tribal officials).

## DECISION

Because Smith, a tribal security guard, is not a tribal official, tribal sovereign immunity does not bar tort claims arising from an automobile accident off the reservation.

Therefore, House and Otterson may proceed with their claims against Smith.

**Affirmed.**