2007 OK 24

**David Earl SHERO, Plaintiff/Appellant,**

v.

**GRAND SAVINGS BANK,**
Defendant/Appellee.

No. 102,154.

Supreme Court of Oklahoma.

April 17, 2007.

Rehearing Denied June 18, 2007.

Patrick J. Malloy III of Malloy Law Firm, P.C., Tulsa, OK, for Plaintiff/Appellant.

David E. Strecker and Yvette Braaks Hart of Strecker & Associates, P.C., Tulsa, OK, for Defendant/Appellee.

LAVENDER, J.

¶ 1 The issue in the present cause is whether termination of an at-will employee for his refusal to dismiss his pending claims against a third party (pursuant to the Open Records Act, 51 O.S.2001, § 24A.1 *et seq.*) constitutes a violation of Oklahoma's public policy such that would support a wrongful discharge action against the employer under the limited public policy exception to the employment-at-will doctrine. We answer in the negative. We hold that because the Open Records Act is silent regarding any aspect of the employment relationship, the

Open Records Act does not contain a clear mandate of public policy and therefore, the Employer/Bank did not violate any public policy when it terminated Employee's employment for his refusal to dismiss his claims against a third party pursuant to the Open Records Act. The trial court correctly dismissed Plaintiff/Appellant's Petition in this matter and we therefore affirm.

I

## FACTS AND PROCEDURAL HISTORY

¶ 2 The facts giving rise to Employee's termination are as follows: At some point during Employee's employment at the Bank, Employee became a party to litigation initiated by the City of Grove, which was a customer of the Bank. Employee filed an answer and counterclaim in that action, seeking attorney fees and costs for defending the action in addition to a declaratory judgment that certain documents sought were public records subject to inspection, copying and/or mechanical reproduction pursuant to the Open Records Act. Bank insisted that Employee abandon his counterclaim against the City of Grove, and relayed that Employee would be terminated if he persisted with his counterclaim. Employee refused to drop his counterclaim against the City of Grove and he ultimately was forced to resign and/or was terminated from his employment. Employee asserts, and Bank does not dispute the fact, that Employee ultimately prevailed in his action against the City of Grove.[1]

¶ 3 The Plaintiff/Appellant, Employee, David Earl Shero, brought this action against his former Employer, Grand Savings Bank, for wrongful termination in violation of public policy as set forth in the Open Records Act. Employee points to no other source of alleged applicable public policy in support of his arguments.[2] Employee does not as-

---

1. *See* Plaintiff's Response to Defendant's Motion to Dismiss and Brief in Support at 2–3; *City of Grove v. David Shero,* CJ–2004–57.

2. Employee's Response to Defendant's Motion to Dismiss and Brief in Support expressly provides "[t]he plaintiff in the instant case is not attempting to rely on the "Open Courts" doctrine for

purposes of establishing a public policy." Response Brief at p. 6. Admissions made in briefs are regarded as supplementing the appellate record. *Deffenbaugh v. Hudson,* 1990 OK 37, 791 P.2d 84, 86, n. 3 (citation omitted). Since Employee expressly refrains from raising any issue concerning the Open Courts doctrine as an alleged source of public policy to support a depar-

sert, and the record is absent any evidence suggestive of a finding, that he was employed pursuant to contract for a definite term; therefore a reasonable inference from the record is that Employee was an at-will employee. Bank filed a Motion to Dismiss and Brief in Support pursuant to 12 O.S. § 2012 (B)(6) for the Petition's failure to state a claim upon which relief can be granted. Employee filed his Response to the motion with a brief in support, to which Bank filed a Reply with a brief in support. The trial court entered an Order granting Bank's Motion to Dismiss. Employee appealed and filed a Motion to Retain Appeal in Supreme Court. We thereafter entered an Order granting Employee's Motion to Retain.

 ¶ 4 Bank filed a Motion for Leave to Submit Appellate Briefs and Present Oral Arguments.[3] We note generally in the context of an accelerated appeal, our review is confined to the record actually presented to the trial court and unless otherwise ordered, no briefs are allowed on review. Okla. Sup. Ct. R. 1.36(g). In consideration of the parties' briefs previously submitted below and the law cited therein, we deem additional briefing and/or oral argument unnecessary in this case. Therefore, upon due consideration, Bank's Motion to Submit Appellate Briefs and Present Oral Arguments is denied.

## II

**The Bank did not violate public policy when it terminated Employee's employment for Employee's refusal to drop counterclaim against Bank's customer pursuant to the Open Records Act, 51 O.S.2001, § 24A.1 et seq.**

 ¶ 5 As a preliminary point, we note that our review of a trial court's dismissal for failure to state a claim upon which relief can be granted is *de novo* and involves consideration of the legal sufficiency of plaintiff's petition. *Hayes v. Eateries, Inc.,* 1995 OK

108, 905 P.2d 778, 780; *See* 12 O.S. § 2021 (B)(6). In reviewing such a dismissal, all allegations in the plaintiff's petition are taken as true and such a pleading must not be dismissed unless the allegations reflect the litigant can prove no set of facts which would entitle him to relief. *Id.* Additionally, as this case involves the determination of public policy, we note that a determination of public policy is a generally a question of law. *Pearson v. Hope Lumber & Supply Co.,* 1991 OK 112, 820 P.2d 443, 444.

 ¶ 6 It is reasonably inferred that Employee was an at-will employee, since his lawsuit is based solely on the public policy exception to the at-will rule of employment. *See Burk v. K–Mart Corp.,* 1989 OK 22, 770 P.2d 24. The longstanding employment at-will rule is generally that an employment contract is of an indefinite duration and may be terminated without cause at any time without the employer incurring liability for breach of contract. *Id.* at 26. In *Burk,* we created "the *Burk* tort" with our adoption of the public policy exception to the at-will termination rule to apply "in a *narrow* class of cases in which the discharge is contrary to a clear mandate of public policy as articulated by constitutional, statutory or decisional law." *Id.* at 28 (emphasis added). At the time of our recognition of this narrow tort, we further provided, "[i]n light of the vague meaning of the term public policy we believe the public policy exception must be *tightly circumscribed.*" *Id.* at 28–29. "An actionable tort claim under Oklahoma law is where an employee is discharged for refusing to act in violation of an established and well-defined public policy or for performing an act consistent with a clear and compelling public policy." *Id.* at 29.

¶ 7 Plaintiff/Employee in this action alleges wrongful termination "in violation of the public policies of the State of Oklahoma," and cites only one alleged source of the purported

---

ture from the employment-at-will doctrine, we decline to address it. Issues not briefed are waived. *DLB Energy Corp. v. Oklahoma Corp. Comm'n,* 1991 OK 5, 805 P.2d 657, n. 6. *See Reddell v. Johnson,* 1997 OK 86, ¶¶ 6–8, 942 P.2d 200, 202 (providing "[a]n appellate court is generally confined to the issues raised by the parties

and presented by the proof, pleadings, petition in error and briefs.").

**3.** We entered an Order on June 5, 2005, deferring consideration of this motion.

public policy, which is the Open Records Act. The precise question before us is whether this Act is a basis for an action in tort against an employer for an at-will employee's discharge.

The Open Records Act provides in pertinent part as follows:

As the Oklahoma Constitution recognizes and guarantees, all political power is inherent in the people. Thus, *it is the public policy of the State of Oklahoma that the people are vested with the inherent right to know and be fully informed about their government.* The Oklahoma Open Records Act shall not create, directly or indirectly, any rights of privacy or any remedies for violation of any rights of privacy.... The purpose of this act is to ensure and facilitate the public's right of access to and review of government records so they may efficiently and intelligently exercise their inherent political power.

51 O.S.2001, § 24A.2 (emphasis added).

¶ 8 The Open Records Act generally provides for public inspection and copying of records, which are defined as "created by, received by, under the authority of, or coming into the custody, control or possession of public officials, public bodies, or their representatives in connection with the transaction of public business, the expenditure of public funds or the administering of public property." *Id.* § 24A.3. There are express statutory criminal and civil penalties and remedies for violation of the Open Records Act. *Id.* § 24A.17. A public official in willful violation of the act shall be guilty of a misdemeanor and punished by $500 fine and/or by imprisonment in the county jail for one year. *Id.* Additionally, "[a]ny person denied access to records of a public body or public official" may file a civil suit for declaratory and/or injunctive relief and if successful, shall be entitled to reasonable attorney fees. *Id.* The Act is silent as to any right of action against a private/ non-public body or official. The Act is also silent as to any limitations on the actions of an employer.

¶ 9 While the Open Records Act expressly sets forth the public policy concerning the people's right to know and be fully informed

about their government, it is silent as to any public policy against conditioning continued employment on the abandonment of claims pursuant to the Act. It is the latter alleged public policy which must be deducible from the Act in order for the Employee to state a claim under the limited *Burk* tort public policy exception to the employment at-will doctrine. *See Pearson v. Hope Lumber & Supply Co.,* 1991 OK 112, 820 P.2d 443, 445.

¶ 10 The employee in *Pearson* filed a wrongful discharge action after his employer terminated employee for his refusal to submit to a polygraph examination. The employee claimed the Polygraph Examiners Act, 59 O.S. § 1468 (2) as the source of the public policy to support a *Burk* tort action. Employer in *Pearson* argued, and we agreed, that the Polygraph Examiners Act "d[id] not contain the requisite 'clear mandate of public policy' on which to base a tort for wrongful discharge of an at-will employee under the public policy exception because the Act does not purport to touch any aspect of the employment relationship.... The Act does not purport to limit the actions of an employer." *Pearson,* 820 P.2d at 445. Upon finding no public policy against conditioning continued employment on participation in polygraph testing deducible from the Polygraph Examiners Act, we concluded that the employer in Pearson did not violate any public policy when it terminated employees' employment for his refusal to take the polygraph and affirmed the trial court's entry of summary judgment in favor of the employer.

¶ 11 We find *Pearson* to be directly on point here. Just as the statute in *Pearson* sought to be the basis for the public policy tort did not purport to touch any aspect of the employment relationship, the Open Records Act here is similarly silent as to any aspect of the employment relationship. While we recognize the Open Records Act speaks explicitly of public policy-specifically concerning the people's right to knowledge and information about their government in keeping with that particular public policy, Employee here made the choice to forego his employment with the Bank and ultimately was victorious in his pursuit of his rights and remedies afforded under the Open Records

Act in his action against the City of Grove. Employee was not ordered to perform an illegal act or denied an opportunity to exercise his legal rights such that might serve as public policy grounds giving rise to liability for an at-will employee's discharge. *See Hinson v. Cameron*, 742 P.2d 549, 552–53 (setting forth public policy exceptions in other jurisdictions [4] and determining that the hospital's termination of its nurse employee for allegedly not following an order did not violate public policy). Rather, the Bank's decision to terminate Employee upon Employee's refusal to abandon claims against Bank's customer was a private business decision. *See Hayes v. Eateries, Inc.*, 1995 OK 108, 905 P.2d 778, 786–88 (holding an employee's reporting and investigating of criminal activity committed against the employer by employee's supervisor is not imbued with the necessary clear and compelling public policy sufficient to state a *Burk* tort claim).

4. Generally, the public policy grounds recognized in other jurisdictions giving rise to wrongful discharge actions for at-will employees are as follows: (a). Refusing to participate in an illegal activity; (b). Performing an important public obligation; (c). Exercising a legal right or interest; (d). Exposing some wrongdoing by the employer; and (e). Performing an act that public policy would encourage or refusing to do something public policy would condemn, when the discharge is coupled with a showing of bad faith, malice or retaliation. *See Hinson v. Cameron*, 1987 OK 49, 742 P.2d 549, 552–53 (and cases cited therein). Although Employee argues that his termination violates categories b., c. or e., we note that our determinations, notably that in *Pearson v. Hope Lumber & Supply Co.*, 1991 OK 112, 820 P.2d 443, demonstrate our adherence to a more narrow construction of the public policy exception than some of the other jurisdictions embracing these categories. In Oklahoma, although we decide fact scenarios under the *Burk* umbrella on a case-by-case basis, we have held a public policy violation occurs when the motivation for the discharge, i.e., for performing an important public obligation such as termination for performing jury duty, *is also statutorily protected from employer retaliatory discharge. See Hayes v. Eateries, Inc.*, 1995 OK 108, 905 P.2d 778, n. 7 (citing *Brown v. MFC Finance Co.*, 1992 OK CIV APP 54, 838 P.2d 524 ).

5. Employee argues *Groce v. Foster*, 1994 OK 88, 880 P.2d 902, is analogous to this case. In *Groce*, we determined that a wrongful discharge action will lie against an employer who fires an employee for the latter's refusal to dismiss his

¶ 12 In *Hayes*, while we openly criticized the employer's decision to terminate an employee for uncovering co-employee embezzlement and reporting it to the company hierarchy, and specifically noted "we might even think it is morally wrong," we nevertheless concluded "the *Burk* tort does not protect an employee from his employer's poor business judgment, corporate foolishness or moral transgressions, but only protects the employee from termination by the employer when such discharge has violated a clear mandate of public policy." *Id.* at 788. Thus, even if we believe Bank's decision to terminate Employee in this case was contrary to good business decision-making or even morally wrong, we find the termination violates no clear mandate of public policy. Although Employee in this case would have us ignore Oklahoma Supreme Court precedent, particularly our holding in *Pearson*,[5] and determine the Open Records Act serves as a basis

common-law negligence action against a third party, who was a customer of the employer, for redress of on-the-job injuries. Specifically, we held "that a discharge in retaliation for the worker's refusal to abandon his/her § 44 lawsuit against a third party to redress an on-the-job injury impermissibly interferes with the legally protected recovery regime for those who suffer work-connected harm." *Id.* at 905. In *Groce*, we carefully limited our holding to the specific facts of that case, i.e., forcing an employee to choose between keeping a job or pressing a statutorily protected § 44 claim for legal redress of an on-the-job injury. This case is distinguishable from *Groce* in that the *Groce* case was based upon express statutory public policy articulated in a combination of sections the Workers' Compensation Act, 85 O.S.1991 §§ 5–7, 12, 44–47 and 84; *Groce*, 880 P.2d at 907. Notably, these provisions provide "explicit legislative protection from discharge for laying claim to compensation against an employee's own employer," *Id.* at 906; 85 O.S. §§ 5–7, as well as express statutory exception to the workers' compensation exclusivity provisions permitting an injured worker to bring an action against another employer on the same job. *Id.* at n. 3; 85 O.S. § 12. The instant case does not implicate an employee's statutory right to redress an on-the-job injury that was occasioned by a third party and thus, does not violate the public policy drawn from the provisions of the Workers' Compensation Act. Unlike in *Groce*, no *Burk* tort claim is stated here, as discharging an employee for suing customers of the employer's business under the facts of this case does not interfere with the legally protected recovery regime for those who suffer work-related harm and thus violates no public policy of this state.

for a *Burk* tort, to do so would be not only in direct contradiction to our own precedent, but would result in an expansion of the *Burk* tort exception beyond the tightly circumscribed framework within which it was designed. Pursuant to the rules enunciated in *Burk* and *Pearson,* we find that Bank did not violate public policy when it terminated Employee's employment for his refusal to abandon his counterclaim against the City of Grove. Therefore, the trial court correctly granted Bank's Motion to Dismiss for failure to state a claim upon which relief could be granted pursuant to 12 O.S. § 2012 (B)(6).

### III

### SUMMARY

¶ 13 In sum, we hold the trial court correctly dismissed Employee's Petition for failure to state a claim. Employer/Bank did not violate public policy when it conditioned Employee's employment upon Employee's abandonment of his counterclaim pursuant to the Open Records Act, 51 O.S.2001, § 24A.1, against the Employer/Bank's customer. In that it was beyond any doubt Employee could prove no set of facts which would have entitled him to relief against Employer/Bank, the trial court correctly dismissed pursuant to 12 O.S.2001, § 2012 (B)(6). Accordingly, we **AFFIRM** the trial court's Order Granting Defendant's Motion to Dismiss resulting in the dismissal of Employee's Petition for failure to state a claim upon which relief could be granted.

¶ 14 Upon Motion to Retain previously granted,

JUDGMENT OF THE TRIAL COURT IS **AFFIRMED.**

¶ 15 WINCHESTER, C.J., EDMONDSON, V.C.J., LAVENDER, HARGRAVE, OPALA, WATT, TAYLOR and COLBERT, JJ., concur.

¶ 16 KAUGER, J., concurring in result.