2017 OK 68

Kim YOUNG, Plaintiff/Appellant,

v.

STATION 27, INC. and Go Mart, Inc., Defendants/Appellees.

Case Number: 113334

Supreme Court of Oklahoma.

Decided: 09/12/2017

---

830 ▮

Bob Burke and Tom Cummings, Oklahoma City, Oklahoma, for Plaintiff/Appellant.

Jo Anne Deaton and Denelda R. Richardson, Rhodes, Hieronymus, Jones, Tucker & Gable, P.L.L.C., Tulsa, Oklahoma, for Defendants/Appellees.

Sarah A. Greenwalt, Assistant Solicitor General, Oklahoma City, Oklahoma, for the State of Oklahoma.

**EDMONDSON, J.**

¶1 Plaintiff was injured, sought workers' compensation benefits, and approximately thirteen months later her employment was terminated. Plaintiff filed a petition in the District Court and alleged she had been terminated from employment in retaliation for her workers' compensation claim. She alleged her termination violated public policy and she possessed a tort claim pursuant to *Burk v. K-Mart Corp.*,[1] which entitled her to a jury trial in District Court. She alleged 85A O.S.Supp. 2013 7 of the Administrative Workers' Compensation Act denied her a jury trial and violated Article 2 19 of the Oklahoma Constitution.[2]

¶2 We hold plaintiff's retaliatory discharge action is not a *Burk* tort, but a statutory action based upon 85 O.S.2011 341 which was the retaliatory discharge statute in effect when her workers' compensation injury occurred. Adjudicating the appeal does not require determining whether 85A O.S. 7 violates Okla. Const. Art. 2 19. However, our analysis *assumes* 85A O.S. 7 is constitutional *and thereby expresses* a statutory continuation of Oklahoma's long-recognized *public policy* creating an exception to the employment-at-will doctrine by condemning an employer's conduct taken to retaliate for an employee's statutorily-protected actions related to a workers' compensation claim. We also conclude plaintiff's 85 O.S.2011 341 retaliation claim does not violate 85A O.S.Supp. 2013 7. The judgment granted to a party claiming to not be plaintiff's employer is affirmed on that ground, but the judgment is reversed as to the other defendant and reversed on all other issues adjudicated therein.

---

1. 1989 OK 22, 770 P.2d 24.

2. Okla. Const. Art. 2 19:
   The right of trial by jury shall be and remain inviolate, except in civil cases wherein the amount in controversy does not exceed One Thousand Five Hundred Dollars ($1,500.00), or in criminal cases wherein punishment for the offense charged is by fine only, not exceeding One Thousand Five Hundred Dollars ($1,500.00). Provided, however, that the Legislature may provide for jury trial in cases involving lesser amounts. Juries for the trial of civil cases, involving more than Ten Thousand Dollars ($10,000.00), and felony criminal cases shall consist of twelve (12) persons. All other juries shall consist of six (6) persons. However, in all cases the parties may agree on a lesser number of jurors than provided herein.
   In all criminal cases where imprisonment for more than six (6) months is authorized the entire number of jurors must concur to render a verdict. In all other cases three-fourths (3/4) of the whole number of jurors concurring shall have power to render a verdict. When a verdict is rendered by less than the whole number of jurors, the verdict shall be signed by each juror concurring therein.

**832**

## I. Trial Court Proceedings

¶ 3 Defendants filed motions to dismiss and argued plaintiff's remedy was before the Workers' Compensation Commission and not the District Court. Go Mart, Inc.'s motion additionally sought dismissal alleging it "was never Plaintiff's employer." The Oklahoma Attorney General appeared and argued 85A O.S.Supp. 2013 7 was constitutional. The trial judge granted the two motions to dismiss by two separate journal entries [3] and determined (1) plaintiff's exclusive remedy was a proceeding before the Workers' Compensation Commission pursuant to 85A O.S. 7, (2) Go Mart was not plaintiff's employer and entitled to a dismissal, (3) plaintiff's Okla. Const. Art. 2 19 right to a jury trial is not violated by 85A O.S. 7, and (4) no common law right to a jury trial exists for a retaliatory discharge claim. Plaintiff brought an extraordinary writ proceeding in this Court which was recast to an appeal. The appeal was retained by this Court.[4]

¶ 4 Plaintiff's petition in error raises three arguments: (1) 85A O.S. 7 does not apply because her "original injury" occurred on January 29, 2013, prior to the effective date of that statute; (2) 85A O.S.Supp. 2013 7 is unconstitutional because it deprives her of a trial by jury and access to common law damages; and (3) 85A O.S.Supp.2013 7 is an unconstitutional special law that sanctions or creates disparate remedies for those who complain of employment discrimination. We conclude plaintiff's first assignment of error and associated argument is sufficient to show error requiring reversal as to one defendant, and we must affirm the dismissal as to another defendant. We need not address the other claims raised on appeal.

## II. Judgment Granting Go Mart's Motion to Dismiss

¶ 5 The judgment granting Go Mart's motion to dismiss must be affirmed on appeal. The trial court used alternative grounds when granting Go Mart's motion to dismiss. One of these grounds was "the Court finds that Go Mart, Inc. was not Plaintiff's employer." This finding was based upon two documents attached to Go Mart's motion dismiss, "Exhibit 1," an affidavit and "Exhibit 2," a photocopied sheet of paper appearing to contain a "CompSource Oklahoma" mark with the designation of "Renewal Information" to insured "Go Mart, Inc." with "additional businesses" including "Station 27, Inc." The affidavit is given by a person identifying himself as the president of Station 27, Inc., and states "Plaintiff never worked for Go Mart, Inc." The affidavit states "Go Mart is a separate business corporation from Station 27." The affidavit states there is common ownership of the two corporations with a common worker's compensation policy covering both companies. The affidavit of the president does not identify or expressly refer to Exhibit 2, and it appears in the record as an exhibit with counsel, not a witness, arguing[5] in the motion to dismiss what the exhibit is and what it contains.[6] Go Mart's motion states plaintiff's allegations against Go Mart are based upon an alleged employer status as a necessary condition to establish legal liability. This allegation is not contradicted by plaintiff.

---

**3.** Each journal entry grants judgment to a single defendant and neither contains a certification for a judgment on fewer than all claims or parties. Neither entry contains any indication it is a final adjudication after a previous adjudication involving a different defendant. The parties did not brief whether plaintiff's petition alleges a single cause of action against two defendants or the relationship between an alleged cause of action and the defendants, other than Go Mart's argument that plaintiff's petition against it relied upon alleged employer status. Because the two journal entries were filed in the District Court on the same day and have a combined effect of dismissing plaintiff's petition, we treat the simultaneous journal entries filed in the same case as a judgment for the purpose of an appeal.

**4.** 12 O.S.Supp.2013 Ch. 15, App. 1, Okla. Sup. Ct. R. 1.24 (a), ("Every appeal is subject to assignment to the Court of Civil Appeals unless retained by the Supreme Court either pursuant to a motion to retain or on the Court's own motion.").

**5.** Argument of counsel is not evidence. *Carbajal v. Precision Builders, Inc.*, 2014 OK 62, n. 20, 333 P.3d 258, 265; *In re Guardianship of Stanfield*, 2012 OK 8, n. 55, 276 P.3d 989, 1002.

**6.** We affirm the judgment for Go Mart, Inc., and need not address the "convertible to admissible evidence at trial" standard in current District Court Rule 13(c).

■ ¶ 6 Go Mart's 2012(B)(1) motion to dismiss states the motion *and its two exhibits* address subject matter jurisdiction. Go Mart did specifically raise subject matter jurisdiction when it argued plaintiff's sole remedy was against her employer before the Workers' Compensation Commission and not a District Court.[7] Go Mart also states in a footnote in a subsequent filing it was seeking dismissal pursuant to 12 O.S. 2012(B)(6) because it had not been plaintiff's employer.[8] A 2012 (B)(6) dismissal for failure to state a claim upon which relief may be granted will not be sustained on appeal unless it should appear without doubt that the plaintiff can prove no set of facts in support of the claim for relief.[9] Due to the issues raised by the parties, we need not address whether the exclusive reliance on 2012(B)(1) in the motion to dismiss improperly conflates the two concepts of a subject matter jurisdiction defense and a nonjurisdictional real party in interest defense when the exhibits attached to the motion to dismiss raise extra-record facts used to show who is a real party in interest.[10]

■ ¶ 7 Alleged error must be raised in the trial court to preserve the issue as a ground urged as error on appeal.[11] Plaintiff's trial court response to Go Mart was silent on the issue of Go Mart's status as an employer as well as Go Mart's use of its exhibits attached to the motion. Plaintiff's application for extraordinary relief does not raise these issues. The District Court's judgment dismissing Go Mart as a party is affirmed on the issue of Go Mart's status as not plaintiff's employer.

### III. Judgment Granting Station 27's Motion to Dismiss

■ ¶ 8 The purpose of a motion to dismiss is to test the law that governs the claim in litigation, not the underlying facts.[12] Station 27's motion to dismiss cited 12 O.S. 2012 (B)(1)[13] and argued the District Court had no subject matter jurisdiction. When a District Court dismisses an action for lack of subject matter jurisdiction the judgment is reviewed on appeal using a *de novo* stan-

7. Both plaintiff and defendants state 85A O.S.Supp.2013 7 provides for statutory subject matter jurisdiction in the Commission. Based upon the arguments presented by both parties we have assumed 7 is constitutional for the purpose of addressing specific claims in this opinion.

8. Record on Accelerated Appeal, Tab 13, Defendants' Reply in Further Support of Motions to Dismiss, pg. 1, footnote 1.

9. *Darrow v. Integris Health, Inc.*, 2008 OK 1, 7 & n. 13, 176 P.3d at 1208, citing 12 O.S.Supp.2004 2012 (B), and collecting cases.

10. *See, e.g., State ex rel. Bd. of Regents of University of Oklahoma v. Lucas*, 2013 OK 14, nn. 9-10, 297 P.3d 378, 384 (a motion to dismiss based *solely* on a 2012 (B)(1) jurisdictional ground is not converted to one for summary judgment by reliance upon matters outside the pleadings, but a 2012(B)(6) motion is so converted when reliance is made upon matters outside the pleadings); *Osage Nation v. Board of Commissioners of Osage County*, 2017 OK 34, 64, 394 P.3d 1224, 1245 ("Facts outside the pleadings presented by a motion to dismiss will not convert the motion to one for summary judgment when the facts are used to show a lack of jurisdiction unless the facts are part of an element to the cause of action pled by a party or a defense thereto."); *Osage Nation, supra*, at n. 86, 394 P.3d at 1245, citing *Dutton v. City of Midwest City*, 2015 OK 51, n. 69, 353 P.3d 532 (partial comparison between a

federal court's U.S. Const. Art. III "case or controversy" subject matter jurisdiction and standing with an Oklahoma court's Okla. Const. Art. 7 1 "judicial power" [which power includes, but is not identical with, power exercised in "judicial" cases/controversies] and the respective jurisdictional limitations on the exercise of Art. III and Art. 7 1 powers); *Black Hawk Oil Co. v. Exxon Corp.*, 1998 OK 70, ¶ 24, 969 P.2d 337, .344, citing *Federal Deposit Ins. Corp. v. Bachman*, 894 F.2d 1233, 1235 & 1236 (10th Cir. 1990) (distinguishing nonwaivable U.S. Const. Art III subject matter jurisdiction [and standing] from a waivable real party in interest defense).

11. *In re M.K.T.*, 2016 OK 4, n. 20, 368 P.3d 771, 784, citing *Bane v. Anderson, Bryant & Co.*, 1989 OK 140, 786 P.2d 1230, 1236; *In re Sara O.*, 1993 OK 10, 847 P.2d 768, 770.

12. *Darrow v. Integris Health, Inc.*, 2008 OK 1, 7, 176 P.3d 1204, 1208.

13. 12 O.S.2011 2012 (B)(1) states:

B. HOW PRESENTED. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
1. Lack of jurisdiction over the subject matter;

dard.[14] Further, this appeal involves a determination of legislatively expressed public policy for the purpose of applying 85 O.S.2011 341, 85A O.S.Supp. 2013 7, and potential application of a public policy *Burk* tort. The determination of public policy as it relates to a *Burk* tort and the construction and application of statutes relating to retaliatory discharge present questions of law for the Court.[15] Our review is limited to taking all allegations in plaintiff's petition as true together with all reasonable inferences that may be drawn from them and applying such to the jurisdictional issue before us that is reviewed *de novo*.[16] This standard applies to the order granting Station 27's motion to dismiss.

### IV. 85A O.S.Supp.2013 7 and Plaintiff's Retaliation Claim

¶ 9 The statute challenged by plaintiff is 85A O.S. Supp.2013 7 (Laws 2013, c. 208, 7, eff. Feb. 1, 2014), which states as follows.

A. An employer may not discriminate or retaliate against an employee when the employee has in good faith:

1. Filed a claim **under this act;**

2. Retained a lawyer for representation regarding a claim **under this act;**

3. Instituted or caused to be instituted any proceeding **under the provisions of this act;** or

4. Testified or is about to testify in any proceeding **under the provisions of this act.**

B. The Commission shall have exclusive jurisdiction to hear and decide claims based on subsection A of this section.

C. If the Commission determines that the defendant violated subsection A of this section, the Commission may award the employee back pay up to a maximum of One Hundred Thousand Dollars ($100,000.00). Interim earnings or amounts earnable with reasonable diligence by the person discriminated against shall reduce the back pay otherwise allowable.

D. The prevailing party shall be entitled to recover costs and a reasonable attorney fee.

E. No employer may discharge an employee during a period of temporary total disability for the sole reason of being absent from work or for the purpose of avoiding payment of temporary total disability benefits to the injured employee.

F. Notwithstanding any other provision of this section, an employer shall not be required to rehire or retain an employee who, after temporary total disability has been exhausted, is determined by a physician to be physically unable to perform his or her assigned duties, or whose position is no longer available.

G. This section shall not be construed as establishing an exception to the employment at will doctrine.

H. The remedies provided for in this section shall be exclusive with respect to any claim arising out of the conduct described in subsection A of this section.

Emphasis added.

The effective date of this statute is February 1, 2014, and plaintiff's petition alleges her

14. *Seneca Telephone Co. v. Miami Tribe of Oklahoma*, 2011 OK 15, ¶ 3, 253 P.3d 53, 54 ("A determination of jurisdiction is a question of law ... [and] questions of law are reviewed *de novo*"); *Samson Resources Co. v. Newfield Exploration Mid-Continent Inc.*, 2012 OK 68, ¶ 10, 281 P.3d 1278, 1281 (The Court explained "whether a claim should have been dismissed for lack of subject matter jurisdiction is a question of law this Court reviews *de novo*.") citing *Rogers v. Quiktrip Corp.*, 2010 OK 3, 4, 230 P.3d 853, 856. *See also Miller v. Miller*, 1998 OK 24, ¶ 15, 956 P.2d 887, 894 (questions of law are examined *de novo* on appeal).

15. *Shero v. Grand Sav. Bank*, 2007 OK 24, ¶ 5, 161 P.3d 298, 300, citing *Pearson v. Hope Lumber & Supply Co.*, 1991 OK 112, 820 P.2d 443, 444. *See also Darrow v. Integris Health, Inc.*, 2008 OK 1, 9, 176 P.3d 1204, 1210 ("The implication of a sufficiently discernible public policy presents a question of law to be resolved either at nisi prius or ultimately by an appellate court."); *Pan v. Bane*, 2006 OK 57, ¶ 5, 141 P.3d 555, 558 (interpretation and application of a statute presents a question of law).

16. *Seneca Telephone Co. v. Miami Tribe of Oklahoma, supra*, and *Samson Resources Co. v. Newfield Exploration Mid-Continent Inc., supra*, at note 14. *Cf. Simonson v. Schaefer*, 2013 OK 25, ¶ 3, 301 P.3d 413, 414 (allegations of petition applied to a 12 O.S. 2012 (B)(6) motion raising an immunity defense for alleged tort).

date of injury occurred on January 29, 2013. The first issue raised by plaintiff is whether 85A O.S.Supp.2013 7 applies to prevent her District Court action.

■ ¶ 10 Title 85A O.S.Supp.2013 7 expressly condemns actions taken by an employer concerning claims and proceedings "under this act" or "under the provisions of this act:" In (A)(1), filed a claim *under this act*; In (A)(2), retained a lawyer for representation regarding a claim *under this act*; In (A)(3), instituted or caused to be instituted any proceeding *under the provisions of this act*; and (A)(4), testified or is about to testify in any proceeding *under the provisions of this act*. The phrase "this act" refers to the "Administrative Workers' Compensation Act" in Oklahoma Statutes Title 85A.[17] The language in 7 referencing "this act" unambiguously refers to the Administrative Workers' Compensation Act, and is judicially construed as an expression of legislative intent to accomplish that result which we are not empowered to rewrite.[18] The retaliation statute in 85A, section 7, facially applies to conduct relating to the Administrative Workers' Compensation Act, and does not apply to conduct relating to other workers' compensation statutes.

### V. Public Policy and Plaintiff's Retaliatory Discharge Claim

■ ¶ 11 Since plaintiff's claim of retaliatory discharge is not based on the express language in 85A O.S.Supp. 2013 7, then upon what legal basis may she assert a retaliatory discharge claim? Defendants claim the former statutes on the issue are repealed, and 7 in effect at the time the District Court action was commenced bars all retaliatory discharge claims in a District Court when they are based upon an employer's response to an employee's conduct related to a workers'

compensation claim. Defendants rely on language in 7(G) stating "This section shall not be construed as establishing an exception to the employment at will doctrine." This reliance is misplaced. On the other hand, plaintiff relies upon *Burk v. K-Mart Corp.*,[19] for bringing a *Burk* action, and her reliance is misplaced.

¶ 12 We conclude: (1) Title 85A O.S.Supp. 2013 7 shows a continuation of a public policy creating an exception to the employment-at-will doctrine consistent with application of 85 O.S. 2011 341 in effect at the time of Young's workers' compensation injury, and (2) Requiring plaintiff to prosecute her claim under the former statute is consistent with our opinions explaining that the remedy of a *Burk* tort is not used when an adequate statutory remedy has been provided by the Legislature to protect the public policy at issue. We conclude plaintiff's District Court claim is based upon former 85 O.S. 2011 341 because plaintiff's workers' compensation injury is governed by the 2011 Workers' Compensation Code. We now explain our conclusions.

¶ 13 For many years and by different statutes, the Legislature has provided legal remedies for workers who have been terminated from employment in retaliation for their efforts to obtain workers' compensation benefits. The former Retaliatory Discharge Act was originally created by H. B. No. 1353, Ch. 217, O.S.L.1976, pp. 337-338, 85 O.S.Supp. 1976 5-7.[20] Oklahoma's first "Workmens Compensation Law" was enacted in 1915 and administered by the State Industrial Commission.[21] From 1915 until 1976 when 85 O.S. 5-7 was created "an employer was not liable to a former employee," and "it is clear that in the absence of the Retaliatory Discharge Act, an at-will employee, in the state of Okla-

---

17. 85A O.S.Supp.2013 1 states in part: "Sections 1 through 106 and 150 through 168 of this act shall be known and may be cited as the ' "Administrative Workers' Compensation Act." ' "

18. *Multiple Injury Trust Fund v. Coburn*, 2016 OK 120, n. 49, 386 P.3d 628, citing *Torres v. Seaboard Foods*, L.L.C., 2016 OK 20, ¶ 11, 373 P.3d 1057, 1065 and *Yocum v. Greenbriar Nursing Home*, 2005 OK 27, ¶ 10, 130 P.3d 213, 219.

19. 1989 OK 22, 770 P.2d 24.

20. *WRG Const. Co. v. Hoebel*, 1979 OK 125, 600 P.2d 334.

21. *Robinson v. Fairview Fellowship Home for Senior Citizens, Inc.*, 2016 OK 42, ¶ 8, 371 P.3d 477, 481. *See also* 1915 Okla. Sess. Laws Ch. 246, pp. 574-603.

homa, had no cause of action against his/her employer for wrongful discharge." [22]

¶ 14 In *Ingram v. Oneok, Inc.*,[23] this Court examined the former Workers' Compensation Retaliatory Discharge Act, 85 O.S.1981 5-7. This Act authorized an employee's action in District Court based upon the employee's allegations of employment termination due to employee's workers' compensation claim.[24] We stated therein "The underlying issue for decision is whether the Retaliatory Discharge Act created a new cause of action based upon a statutory liability other than penalty or forfeiture." We noted an appellate court had relied on our opinions in *Hinson v. Cameron*,[25] and *Smith Engineering Works v. Custer*,[26] for the proposition "there is no common law liability for discharging an employee at will with or without cause" and the Court's conclusion " 'but for the statute,' no liability would exist." [27]

¶ 15 A few years after *Ingram* we characterized the former 85 O.S. 5-7 retaliatory discharge action as a "statutory tort," and explained it was distinct from a compensation claim and the retaliatory discharge action was litigable only in a District Court.[28] *Ingram* had also explained that the action's tort attribute did not govern application of a two-year statute of limitations, but rather the three-year limitations period for a liability created by a statute applied. In making this conclusion in *Ingram* we emphasized the cause of action was created by statute.[29] Former 85 O.S. 5-7 created a statutory cause of action with a statutory remedy in a District Court.

¶ 16 Former 85 O.S.Supp. 2010 5 prohibited certain actions by an employer in retaliation relating to an employee's worker's compensation proceedings pursuant to former title 85.[30] Section 5's prohibited retaliatory activities referenced an employee's claim and certain actions "under the provisions of this title," *i.e.*, Title 85, "Workers' Compensation." In 2011 the Legislature repealed 85 O.S.Supp.2010 5 (last amended in 2005) by Laws 2011, c. 318, 87. At the time of this repeal the Legislature enacted a slightly modified version of 5 and codified it in 85 O.S. 2011 341 [31] as part of the 2011 Work-

22. *Ingram v. Oneok, Inc.*, 1989 OK 82, 775 P.2d 810, 814.

23. 1989 OK 82, 775 P.2d 810.

24. *Ingram v. Oneok, Inc.*, 775 P.2d at 811, quoting former 85 O.S.1981 5.

25. 1987 OK 49, 742 P.2d 549.

26. 1944 OK 211, 194 Okla. 318, 151 P.2d 404.

27. *Ingram v. Oneok, Inc.*, 775 P.2d at 812. *See, e.g., Pierce v. Franklin Electric Co.*, 1987 OK 34, 737 P.2d 921, 923 (superseded by statute on other grounds noted in *Patterson v. Sue Estell Trucking Co.*, Inc., 2004 OK 66, ¶ 9, 95 P.3d 1087, 1088) (Former 85 O.S. 5-7 created a cause of action in tort, a statutory tort, which limited an employer's common-law right to terminate an at-will employee.).

28. *Gunn v. Consolidated Rural Water & Sewer Dist. No. 1, Jefferson Cnty., Okla.*, 1992 OK 131, 839 P.2d 1345, 1349 -1350. *See also Glasco v. State ex rel. Oklahoma Dept. of Corrections*, 2008 OK 65, ¶ 30, 188 P.3d 177, 186 (explaining *Gunn* and stating 85 O.S. 5-7 action is a statutory tort).

29. *Ingram v. Oneok, Inc.*, 775 P.2d at 814-815.

30. 85 O.S.Supp.2010 5 provided:

A. No person, firm, partnership, corporation, or other entity may discharge, or, except for nonpayment of premium, terminate any group health insurance of any employee because the employee has in good faith:
1. Filed a claim;
2. Retained a lawyer for representation regarding a claim;
3. Instituted or caused to be instituted any proceeding under the provisions of this title;
4. Testified or is about to testify in any proceeding under the provisions of this title; or
5. Elected to participate or not to participate in a certified workplace medical plan as provided in Section 14 of this title.
B. No person, firm, partnership, corporation, or other entity may discharge any employee during a period of temporary total disability solely on the basis of absence from work.
C. After an employee's period of temporary total disability has ended, no person, firm, partnership, corporation, or other entity shall be required to rehire or retain any employee who is determined to be physically unable to perform assigned duties. The failure of an employer to rehire or retain any such employee shall in no manner be deemed a violation of this section.
D. No person, firm, partnership, corporation or other entity may discharge an employee for the purpose of avoiding payment of temporary total disability benefits to the injured employee.

31. 85 O.S. 2011 341 provided:

ers' Compensation Code.[32] Section 341 referred to an employer's prohibited actions relating to an employee's compensation proceeding under the provisions "of this act," *i.e.*, the 2011 Workers' Compensation Code.[33] Sections 6 and 7 of 85 O.S.2001 were also repealed by Laws 2011, c. 318, 87, and simultaneously made part of the new 85 O.S.2011 341 in paragraph "E" thereof.[34] Section 341 was in effect until February 1, 2014, when the new Administrative Workers' Compensation Act with its 85A O.S. 7 became effective and 85 O.S. 2011 341 was repealed.[35]

¶ 17 Defendants argue the administrative remedy in 85A O.S.Supp. 2013 7 must apply to defeat any District Court action brought by plaintiff because 7 may not be construed as creating an exception to the employment-at-will doctrine and 341 had been repealed when Young's District Court action was brought. They argue 7 negates any *present public policy* in support of limiting the em-

ployment-at-will doctrine in the context of a retaliation claim in a District Court, and based upon their reasoning plaintiff may not bring *any type of retaliation claim* in District Court. In other words, *any* District Court retaliation claim violates 7(G). Section 7(G) states "This section shall not be construed as establishing an exception to the employment at will doctrine." May 7 be read as consistent with 341 so that an action brought under 341 does not violate 7? Yes, it may. As we now explain, a 341 remedy after the effective date of 7 does not conflict with that provision because of (1) the constitutional necessity of 7 being based upon a public policy, a constitutionality on this one point we assume for answering this question, and (2) the express language of 7 creating an exception to the employment-at-will doctrine for the purposes of 7. Further, *if* 7 is read as an exclusive remedy in the sense of barring a *Burk* tort *as defendants and the Attorney*

A. No employer may discharge or, except for non-payment of premium, terminate any group health insurance of any employee because the employee has in good faith:
1. Filed a claim;
2. Retained a lawyer for representation regarding a claim; ·
3. Instituted or caused to be instituted any proceeding under the provisions of this act;
4. Testified or is about to testify in any proceeding under the provisions of this act; or
5. Elected to participate or not to participate in a certified workplace medical plan as provided in this act.
B. No employer may discharge any employee during a period of temporary total disability solely on the basis of absence from work.
C. After an employee's period of temporary total disability has ended, no employer shall be required to rehire or retain any employee who is determined to be physically unable to perform assigned duties. The failure of an employer to rehire or retain any such employee shall in no manner be deemed a violation of this section.
D. No employer may discharge an employee for the purpose of avoiding payment of temporary total disability benefits to the injured employee.
E. An employer which violates any provision of this section shall be liable in a district court action for reasonable damages, actual and punitive if applicable, suffered by an employee as a result of the violation. An employee discharged in violation of the Workers' Compensation Code shall be entitled to be reinstated to his or her former position. Exemplary or punitive damage awards made pursuant to this section shall not exceed One Hundred Thousand Dollars ($100,-

000.00). The employee shall have the burden of proof by a preponderance of the evidence.

**32.** 85 O.S.2011 301 provides the name for the 2011 Act as the "Workers' Compensation Code." ·

**33.** 85 O.S. 2011 341 (A) (3), (4) & (5) in note 31, *supra.*

**34.** Compare 85 O.S. 2011 341 (E) with both 85 O.S.2001 6, 7.
85 O.S.2001 6:
Except as provided in Section 29 of this act, a person, firm, partnership or corporation who violates any provision of Section 5 of this Title shall be liable for reasonable damages, actual and punitive if applicable, suffered by an employee as a result of the violation. An employee discharged in violation of the Workers' Compensation Act shall be entitled to be reinstated to his former position. Exemplary or punitive damage awards made pursuant tot this section shall not exceed One Hundred Thousand Dollars ($100,-000.00). The burden of proof shall be upon the employee.
85 O.S.2001 7:
Except as otherwise provided for by law, the district courts of the state shall have jurisdiction, for cause shown, to restrain violations of this act.

**35.** 85 O.S. 2011 341 was repealed by Laws 2013, c. 208 171. *See also Coates v. Fallin*, 2013 OK 108, 316 P.3d 924 (explaining the Workers' Compensation Code [85 O.S.2011 301 *et seq.*] was repealed and replaced with the Administrative Workers' Compensation Act [85A O.S.Supp.2014 1 *et seq.*]).

*General suggest,*[36] then a reading of 85 O.S. 341 as both an express public policy exception to the employment-at-will doctrine and creating a District Court adequate remedy would be consistent with the language in 85A O.S. Supp.2013 7 as construed by these parties. We also conclude a *Burk* tort is not an available *alternative* remedy for plaintiff's 85 O.S.2011 341 District Court retaliation statutory claim, as we now explain.[37]

■ ¶ 18 The meaning of language in a statute is construed by courts as internally consistent and externally consistent with the constitution, *i.e.*, the meaning of the statute's language is construed so that it does not contradict either itself or the constitution.[38] First, and as a matter of the meaning of words in 7, they create a statutory exception to the employment-at-will doctrine for the circumstances listed on the face of the stat-

ute. A typical statement of the employment-at-will rule given in *Burk v. K-Mart Corp.* is that an employer may discharge an employee for good cause, for no cause or even for cause morally wrong, without being thereby guilty of legal wrong.[39] The language of 7 imposes statutory limits on the employer's conduct relating to discharge from employment, and 85A O.S. 7 *expressly and unambiguously acts as a legislatively-created limitation on the employment-at-will doctrine.*

¶ 19 Secondly, this legislatively-created limitation on the employment-at-will doctrine *must* be an expression of a *public policy* if we assume it is constitutional. A statute may in certain circumstances constitutionally vest a quasi-judicial power in an administrative (executive) agency to exercise adjudicative authority or render decisions in individual proceedings.[40] In *Tenneco Oil Co. v. El Paso*

**36.** We need not determine whether the language used in 85A O.S.Supp.2013 7 is constitutionally sufficient to prohibit a party bringing a *Burk* tort without the need for the Court analyzing adequacy of remedies using tests such as *Vašek v. Board of County Com'rs of Noble County*, as discussed herein.

Due to the nature of the controversy as framed and briefed by the parties, we also need not determine either (1) if any public or quasi-public right possessed by the People must be construed as prohibiting an employer from using an award of a statutory benefit as cause for retaliation in an employee's private employment status, or (2) if an employee or employer possess personal constitutional rights influencing the creation or scope of a cause of action for workers' compensation retaliation in an employee's private employment status. *Democratic Party of Oklahoma v. Estep*, 1982 OK 106, 652 P.2d 271 (a judicial challenge to function or structure of government [including public and quasi-public rights possessed by the People] must be justiciable); *Dutton v. City of Midwest City*, 2015 OK 51, n. 69, 353 P.3d 532, 547 (justiciability requires the controversy to be ripe for adjudication); *Brown v. Claims Management Resources Inc.*, 2017 OK 13, 391 P.3d 111, 119 (where legal relief is available on alternative, non-constitutional grounds, the Court declines to address a party's personal constitutional claims); *Tucker v. Cochran Firm-Criminal Defense Birmingham, L.L.C.*, 2014 OK 112, n. 16, 341 P.3d 673, (personal and private rights may be waived); *Osage Nation v. Board of Commissioners of Osage County*, 2017 OK 34, ¶ 17, 394 P.3d 1224, 1233 (authority on appeal must be supported by authority raised by parties in their briefs). See also the discussion in note 48, *infra,* and related issues logically present but not briefed by the parties and treated as hypothetical.

**37.** This conclusion is consistent with our history of recognizing 341 and the former 85 O.S. 5-7 as District Court statutory remedies where no previous common-law remedies had been used to challenge the employment-at-will doctrine as discussed herein.

**38.** *St. Paul Fire & Marine Ins. Co. v. Getty Oil Co.*, 1989 OK 139, 782 P.2d 915, 918, ("Whenever an act of the legislature can be so construed and applied to avoid conflict with the constitution, and give it the force of law, such construction will be adopted by the courts."), quoting *Williams v. Bailey*, 1954 OK 19, 268 P.2d 868, 871; *Pfister v. Johnson*, 1935 OK 824, 173 Okla. 541, 49 P.2d 174, 176-177, 102 A.L.R. 31 (court's construction which results in consistency in statutory language must be adopted).

**39.** *Burk v. K-Mart Corp.*, 1989 OK 22, 770 P.2d 24, 26.

**40.** Okla. Const. Art. 7 1:

The judicial power of this State shall be vested in the Senate, sitting as a Court of Impeachment, a Supreme Court, the Court of Criminal Appeals, the Court on the Judiciary, the State Industrial Court, the Court of Bank Review, the Court of Tax Review, and such intermediate appellate courts as may be provided by statute, District Courts, and such Boards, Agencies and Commissions created by the Constitution or established by statute as exercise adjudicative authority or render decisions in individual proceedings. Provided that the Court of Criminal Appeals, the State Industrial Court, the Court of Bank Review and the Court of Tax Review and such Boards, Agencies and Commissions as have been established by statute shall continue in effect, subject

*Natural Gas Co.*,[41] we discussed the "public rights doctrine," a concept grounded in a historically recognized distinction between matters that may be conclusively determined by the Executive and Legislative Branches and matters that are inherently judicial.[42] This distinction has been used to describe (1) public rights which arise between the government and others which are regularly adjudicated in an administrative context, and (2) private rights which involve the liability of one individual to another under the law and are adjudicated in courts.[43] The tension between the doctrine of public rights used to justify administrative adjudication of a private right and the individual's common-law remedies in courts is well-known. The U. S. Supreme Court's articulation of this doctrine has relied on one of its opinions from 1856,

an opinion that was part of the common law in 1907 when the Oklahoma Constitution was adopted.[44]

¶ 20 In a public rights analysis, the U.S. Supreme Court looks at whether Congress has acted with a valid legislative purpose pursuant to its constitutional legislative powers and created a statutory "private" right that is so closely integrated into a public regulatory scheme as to be a matter appropriate for agency adjudication when that regulatory scheme "virtually occupies the field." [45] If the statutory right fails this test it is a dispute for an Article III federal court.[46] We need not determine in this proceeding the validity of the Legislature's purpose in enacting 85A O.S.Supp.2013 7,[47] or provide a complete analysis for distinguishing public, private, or quasi-public rights.[48] However, we

---

to the power of the Legislature to change or abolish said Courts, Boards, Agencies, or Commissions. Municipal Courts in cities or incorporated towns shall continue in effect and shall be subject to creation, abolition or alteration by the Legislature by general laws, but shall be limited in jurisdiction to criminal and traffic proceedings arising out of infractions of the provisions of ordinances of cities and towns or of duly adopted regulations authorized by such ordinances.

41. 1984 OK 52, 687 P.2d 1049.

42. *Tenneco Oil*, 687 P.2d at 1053-1054, quoting, *Northern Pipeline Company v. Marathon Pipeline*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). *See also Thomas v. Union Carbide Agr. Products Co.*, 473 U.S. 568, 583-584, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985), (Congress possesses a power to vest decisionmaking authority in federal tribunals which lack the attributes of U. S. Const. Art. III courts, but that power is subject to some limits.) citing the divided Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

43. *Tenneco Oil*, 687 P.2d at 1053-1054. *See Ladra v. New Dominion, LLC*, 2015 OK 53, ¶ 10, 353 P.3d 529, 531 ("Private tort actions, therefore, are exclusively within the jurisdiction of district courts.").

44. In Philip Hamburger's article, *The Inversion of Rights and Power*, 63 Buff. L. Rev. 731 (2015), the author addressed how the public rights doctrine is used to justify an administrative determination of a private right. He stated the Court seized upon its phrase in *Murray's Lessee* to cast the government's assertion of administrative power in terms of enforcement of a public right. 63 Buff. L. Rev. at 760-761, citing *Murray's Lessee v. Hoboken Land & Improvement Co.*; 59 U.S.

(18 How.) 272, 15 L.Ed. 372 (1856) and *Atlas Roofing Co. v. Occupational Safety & Health Rev. Comm'n*, 430 U.S. 442, 450, 97 S.Ct. 1261, 51 L.Ed.2d 464 (1977).

45. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 54, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), quoting *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 593-594, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985) (Brennan, J., concurring in judgment).

46. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. at 54-55, 109 S.Ct. 2782.

47. *Torres v. Seaboard Foods, LLC*, 2016 OK 20, n.14, 373 P.3d 1057, 1066 (Unlike the U. S. Supreme Court's determination of a "valid legislative purpose" of Congress, the Oklahoma Supreme Court does not examine the Oklahoma Constitution to decide whether the Legislature is permitted to act, but only whether the Legislature is prohibited from acting.).

48. *See, e.g., Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 54, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), ("the Federal Government need not be a party for a case to revolve around 'public rights' "); *B & B Hardware, Inc. v. Hargis Industries, Inc.*, 575 U.S. ——, 135 S.Ct. 1293, 1316, 191 L.Ed.2d 222 (2015), (Justice Thomas, with whom Justice Scalia joined, dissenting), (in the context of U. S. Const. Art. III courts versus administrative adjudication, with a few historic exceptions, administrative agencies may constitutionally function as courts with respect to claims involving public rights, and quasi-private rights (statutory entitlements bestowed by government on individuals), but administrative agencies may not adjudicate core private rights).

Of course, not every statute is an expression of a public policy. *See, e.g., Peterson v. Browning*, 832

have explained the workers' compensation statutes are part of a public-law regulatory scheme, a "statutory public-law proceeding rather than a private dispute."[49] Historically, court decisions sustaining workers' compensation statutes establishing employer liability hold the view that they are enacted within the police power of the state to accomplish appropriate *public policy* goals based upon *valid public interests.*[50] *Assuming 7 is constitutional,* the statute *must* be based upon a public or quasi-public right (*Tenneco Oil Co. v. El Paso Natural Gas Co., supra*), which is in turn linked to public policy goals and public interests.[51] In summary, the language in 85A O.S.Supp. 2013 7 facially limiting an employer's discretion in terminating an employee's employment *necessarily, if we as-*

sume its constitutionality, expresses a public policy based upon a quasi-public or public right and public interest. We conclude the public policy necessarily expressed in 85A O.S.Supp.2013 7 is not violated when plaintiff brings a District Court action based upon the same public policy expressed in former 85 O.S. 341.

¶ 21 The elements of a *Burk* tort were explained in *Vasek v. Board of County Com'rs of Noble County,* with the following.[52]

A viable *Burk* claim must allege (1) an actual or constructive discharge (2) of an at-will employee (3) in significant part for a reason that violates an Oklahoma public policy goal (4) that is found in Oklahoma's

---

P.2d 1280, 1282 (Utah 1992) ("[M]any statutes simply regulate conduct between private individuals, or impose requirements whose fulfillment does not implicate fundamental public policy concerns."), quoting *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 254 Cal.Rptr. 211, 765 P.2d 373, 379 (1988).

Further, not every statutory obligation creates a limit on the employment contract. *Shero v. Grand Sav. Bank,* 2007 OK 24, 161 P.3d 298 (Employer did not violate any public policy when it terminated employee's employment for his refusal to dismiss his claims against a third party pursuant to the Open Records Act when that Act is silent on the employer/employee relationship.); *Pearson v. Hope Lumber & Supply Co.*, 1991 OK 112, 820 P.2d 443 (Polygraph Examiners Act could not serve as a basis for a *Burk* tort because the Act does not specify limits on an employment relationship.).

*Shero*, noted the employer's conduct "does not violate the public policy drawn from the provisions of the Workers' Compensation Act ... [and] does not interfere with the legally protected recovery regime for those who suffer work-related harm and thus violates no public policy of this state." *Shero* at n. 5, 161 P.3d at 302.

The parties' arguments logically include several issues but they are not expressly stated or briefed with supporting authority. We thus decline to address when an employer's alleged interference with public policy also involves public or quasi-public rights, or how these concepts relate to (1) a changeable legislative public policy, (2) personal state constitutional rights and if certain rights provide a historical "floor" for a minimal protective guarantee, and (3) the Legislature's authority to abolish a cause of action. *See, e.g., Torres v. Seaboard Foods, LLC*, 2016 OK 20, 51, 373 P.3d 1057, 1081 (a legislature's determination of public policy is changeable); *Movants to Quash Multicounty Grand Jury Subpoena v. Dixon*, 2008 OK 36, ¶ 18, 184 P.3d 546 (Court follows the intent of the framers when construing the Constitution); *Board of County Commissioners of Muskogee*

*County v. Lowery*, 2006 OK 31, ¶ 10, 136 P.3d 639, 646 (The framers of the Oklahoma Constitution recognized that to protect both life and property is the first duty of government.); *Torres*, at n. 6, 373 P.3d at 1064 (common law at the time the Oklahoma Constitution was adopted recognized a physical injury to a person which happened in employment was an infringement on a personal right, and was subsequently enforced using an administrative proceeding remedy); *Torres*, at 26, 373 P.3d at 1071 (legislature's power to abolish and create a cause of action discussed) *Torres*, at 53, 373 P.3d at 1081 (the Court does not address hypothetical issues).

**49.** *Red Rock Mental Health v. Roberts*, 1996 OK 117; 940 P.2d 486, 492. *See also Benning v. Pennwell Pub. Co.*, 1994 OK 113, n. 20, 885 P.2d 652, 656. *Cf.* Morton J. Horwitz, *The History of the Public/Private Distinction*, 130 U. Pa. L. Rev. 1423, 1424 (1982) (Nineteenth century legal thought created a clear separation between constitutional, criminal, and regulatory law as part of the "public law," and the law of private transactions involving torts, contracts, property, and commercial law.); Daniel A. Farber and Philip P. Frickey, *In the Shadow of the Legislature: The Common Law in the Age of the New Public Law*, 89 Mich. L. Rev. 875, 885-886 (1991) (In nineteenth century legal thought, private law was part of a legal system protecting private ordering and "public law consisted of governmental compulsions restricting private freedom.").

**50.** *Adams v. Iten Biscuit Co.*, 1917 OK 47, 63 Okla. 52, 162 P. 938, 941-942.

**51.** *Torres v. Seaboard Foods, LLC*, 2016 OK 20, nn.42-48, 373 P.3d 1057, 1071 -1072 (discussing constitutional restrictions on the exercise of a police power by a legislature).

**52.** *Vasek*, 2008 OK 35, ¶ 14, 186 P.3d 928, 932.

constitutional, statutory, or decisional law or in a federal constitutional provision that prescribes a norm of conduct for Oklahoma and (5) no statutory remedy exists that is adequate to protect the Oklahoma policy goal.

This language expressly recognizes a *Burk* tort may exist when no statutory remedy exists that is adequate to protect the Oklahoma public policy goal. We have since explained the adequacy of a statutory remedy "is to be decided under the sufficiency test of *Vasek*, which in turn applied *McCrady*."[53] This test requires us to ask: "Were the remedies available to the plaintiff sufficient to protect Oklahoma's public policy goals?"[54] We conclude the combined reinstatement with actual and punitive damages remedy in 341 is adequate to protect the public policy expressed in that statute.

¶ 22 The former 85 O.S. 5-7 provided a "statutory tort"[55] in the form of a District Court action and this was continued in 85 O.S.2011 341. All three recent retaliatory statutory schemes appear to tie the prohibited retaliation conduct to the workers' compensation statutes involving the particular claimant, that is, the compensation statutes which pertain to the claimant's injury. The retaliation claim filed pursuant to 85 O.S. 5-7 involves retaliation for an employee filing a Title 85 workers' compensation claim ("under the provisions of this title"). The retaliation claim filed pursuant to 85 O.S. 341 involves retaliation for an employee filing a Title 85 claim pursuant to. the Workers' Compensation Code ("this act"). The retaliation claim filed pursuant to 85A O.S. 7 involves retaliation for an employee filing a Title 85A claim pursuant to the Administrative Workers' Compensation Act ("under this act"). Section 341 was in effect on January 29, 2013, when Young's compensation injury occurred. After February 1, 2014, the Worker's Compensation Court became the Worker's Compensation Court of Existing Claims, and according to 85A O. S. Supp.2013 400, vested with jurisdiction of "all claims filed pursuant to the Workers' Compensation Code."[56] Section 400 does not *expressly* provide for retaliation claims brought pursuant to former 85 O.S. 2011 341 and filed in a District Court. However, 400 does provide for continued application of workers' compensation substantive benefits in effect at the time of a worker's injury.[57] We explained herein that each of the workers' compensation retaliatory statutes tied their application to the particular workers' compensation statutes in effect at the time of an employee's compensable injury.

¶ 23 We have concluded plaintiff's retaliation claim in the District Court is governed by 85 O.S. 341, and not *Burk*. Generally, where the common law provides a remedy and another remedy is provided by statute, the statutory remedy is merely cumulative unless the statutory remedy declares itself to

**53.** *Shephard v. CompSource Oklahoma*, 2009 OK 25, ¶ 10, 209 P.3d 288, 292, citing *McCrady v. Department of Public Safety*, 2005 OK 67, 122 P.3d 473.

**54.** *Shephard*, 2009 OK 25, ¶ 11, 209 P.3d 288, 293, citing *Kruchowski v. The Weyerhaeuser Co.*, 2008 OK 105, ¶ 25, 202 P.3d 144, 152.

**55.** *Gunn v. Consolidated Rural Water & Sewer Dist. No. 1*, 1992 OK 131, 839 P.2d 1345, 1349 ("Retaliatory discharge under 5-7 of the Compensation Act is a statutory tort."); *Ingram v. Oneok, Inc.*, 1989 OK 82, 775 P.2d 810, 815 (former 85 O.S. 5-7 retaliatory discharge action was not a common-law action but an action upon a liability created by statute other than a forfeiture or penalty.).

**56.** 85A O.S.Supp. 2013 400(I) states in part: "The Court shall be vested with jurisdiction over all claims filed pursuant to the Workers' Compensation Code."

**57.** *Multiple Injury Trust Fund v. Coburn*, 2016 OK 120, ¶ 2, 386 P.3d 628, 631 ("Section 400 of Title 85A provides the Workers' Compensation Court of Existing Claims hears disputes relating to claims that arose before February 1, 2014, and all benefits and procedures to obtain benefits are determined by the workers' compensation law in effect on the date of the injury.").

Because the Legislature tied application of a retaliation statute to the particular workers' compensation statute in effect at the same time and our conclusions herein, we need not address whether a District Court retaliation claim/action is a substantive right for purposes of applying 85A O.S.Supp.2013 400. *See, e.g., Multiple Injury Trust Fund v. Coburn*, at 4, 386 P.3d at 631 ("substantive rights are fixed on the date of injury and may not be altered by subsequent amendment").

be exclusive.[58] Our former opinions addressing statutory liability and the common-law employment-at will doctrine have indicated the retaliation statutes, former 85 O.S. 5-7 and 341, created a statutory liability not previously existing in common law.[59] The 341 remedy is a District Court action providing for reasonable damages, actual and punitive if applicable, as well as a right to be reinstated to the employee's former position. No party has questioned the adequacy of a statutory remedy in the form of a District Court action providing for actual and punitive damages in addition to reinstatement to employment.

■ ¶ 24 We are aware our 1994 opinion *Groce v. Foster* [60] held that under the limited public policy exception an employee could assert a *Burk* tort against a former employer when the employee's action was based, in part, on the former 85 O.S. 5-7.[61] However, nothing before us from the parties suggests 341 is an inadequate remedy either for the public policy reflected therein or for the purpose of applying *Vasek v. Board of County Com'rs of Noble County*, supra. No argument is made by the parties that application of 341 to this plaintiff results in an improper classification of different plaintiffs with different remedies for a wrongful retaliation discharge.[62] We conclude 341 provides an adequate statutory remedy in the District Court to implement the public policy reflected in 341 and such prevents plaintiff from using a *Burk* tort action.[63]

### VI. Conclusion

¶ 25 We remand to the District Court for further proceedings on plaintiff's 85 O.S.2011 341 statutory retaliation claim. The District Court held no common-law right to a jury trial existed for the plaintiff. *However, the motion to dismiss filed by Station 27 contains no argument or authority challenging plaintiff's constitutional or statutory right to a jury trial for a 85 O.S.2011 341 claim.* Station 27's Reply in the District Court expanded the nature of its argument and stated plaintiff lacked a right to a jury trial for statutory remedies in a general sense, but did not address a constitutional or statutory right to a jury trial in the context of a 341 action. Several weeks *after* the parties filed their motions, response, and reply, the Attorney General appeared and filed a brief "on the merits of the constitutional claim" addressing 85A O.S. 7. This brief included an expansion on the 85A O.S. 7 constitutional issue and stated retaliatory discharge claims were not entitled to a jury trial at common law. However, this filing also did not specifically address a constitutional or statutory right to a jury trial in the context of a 341 District Court action or the previous workers' compensation retaliation statutes.

¶ 26 We hold the date of Young's injury for the purpose of her workers' compensation claim applies to her retaliatory discharge claim in a District Court. The workers' compensation retaliation statute in effect on the date of her injury was 85 O.S.2011 341. The

---

**58.** *Tate v. Browning-Ferris, Inc.*, 1992 OK 72, 833 P.2d 1218, 1226; *Smith v. Pioneer Masonry, Inc.*, 2009 OK 82, ¶¶ 6-11, 226 P.3d 687, 688-689 (discussing *Tate, supra*, and exclusivity of remedies).

**59.** *Ingram v. Oneok, Inc.*, 775 P.2d at 814-815, and the discussion of *Ingram* herein.

**60.** 1994 OK 88, 880 P.2d 902.

**61.** *Shero v. Grand Sav. Bank*, 2007 OK 24, n. 5, 161 P.3d 298, 302, explaining *Groce v. Foster, supra.*

**62.** *See, e.g., Shirazi v. Childtime Learning Center, Inc.*, 2009 OK 13, ¶ 10, 204 P.3d 75, 79 (Plaintiff may pursue a *Burk* tort claim for wrongful discharge in violation of public policy when the available remedies to the same class of employ-

ment discrimination victims are not the same-regardless of whether the remedies originate under federal or state law.).

**63.** We note our result is also consistent with a *general* principle stating when a statute creates both a right and a remedy for its enforcement the statutory remedy is exclusive. *R. R. Tway, Inc. v. Oklahoma Tax Commission*, 1995 OK 129, 910 P.2d 972, 978, citing *Tate v. Browning-Ferris, Inc.*, 1992 OK 72, 833 P.2d 1218, 1226. *See, e.g., Apache Corp. v. State ex rel. Oklahoma Tax Commission*, 2004 OK 48, ¶ 10, 98 P.3d 1061, 1064 (in the context of a statutory remedy to recover tax payments the Court has explained that when a statute creates both a right and a remedy for its enforcement the statutory remedy is exclusive). Exceptions to this general principle are not discussed by the parties and we need not address the hypothetical issue.

constitutionality of 85A O.S.Supp.2013 7 is not before us in this controversy because 7 does not apply to Young's District Court action.[64] We have assumed 7 is a constitutional expression of a public policy stating an exception to the employment-at-will-doctrine for the purpose of 7, and Young's 341 action in a District Court commenced after the effect of 7 does not violate that statute. We conclude a *Burk* tort is not an available alternative remedy for plaintiff's 85 .O.S. 341 District Court retaliation claim.

¶ 27 The District Court's judgment is affirmed as to Go Mart, Inc.'s dismissal based upon its status as not plaintiff's employer. The District Court's judgment is reversed on Station 27, Inc.'s motion to dismiss because Young possesses a retaliatory action in a District Court pursuant to 85 O.S.2011 341. The District Court's judgment on the constitutionality of 85A O.S.Supp.2013 7 is reversed because that statute does not apply to Young's claim. In summary, the judgment granted to a party claiming to not be plaintiff's employer is affirmed on that ground, but the judgment is reversed as to the other defendant and reversed on all other issues adjudicated therein. The matter is remanded to the District Court for further proceedings consistent with this opinion.

¶ 28 COMBS, C.J.; GURICH, V.C.J.; KAUGER, WATT, WINCHESTER, EDMONDSON, COLBERT, and REIF, JJ., concur.

¶ 29 WYRICK, J., recused.

64. *Torres v. Seaboard Foods, LLC*, 2016 OK 20, n. 18, 373 P.3d 1057, 1067 (a party challenging the constitutionality of a statute must have a legally cognizable interest which is threatened by application of that statute).