HERNANDEZ v. EDUCATIONAL DEVELOPMENT CORP.
2022 OK CIV APP 21
Case Number: 119832
Decided: 05/06/2022
Mandate Issued: 06/02/2022
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2022 OK CIV APP 21, __ P.3d __

 
WALDO HERNANDEZ, Plaintiff/Appellant,
v.
EDUCATIONAL DEVELOPMENT CORP., Defendant/Appellee.
APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA
HONORABLE KELLY GREENOUGH, TRIAL JUDGE
AFFIRMED
Tim Gilpin, GILPIN LAW OFFICE, Tulsa, Oklahoma, and
Patricia A. Podolec, Oklahoma City, Oklahoma, for Plaintiff/Appellant,
Stephanie L. Theban, Kristopher E. Koepsel, RIGGS, ABNEY, NEAL, TURPEN, ORBISON & LEWIS, Tulsa, Oklahoma, for Defendant/Appellee.
ROBERT D. BELL, PRESIDING JUDGE:
¶1 Plaintiff/Appellant, Waldo Hernandez, appeals from the trial court's dismissal of his retaliatory discharge action against Defendant/Appellee, Educational Development Corp. The trial court held the Workers' Compensation Commission, rather than the district court, has jurisdiction over Plaintiff's claim. We affirm.
¶2 Plaintiff suffered job-related injuries on two occasions while working for Defendant. The injuries occurred on some unspecified date in May 2017 and on or about April 16, 2019. Plaintiff filed for workers' compensation benefits and presumably received treatment for the same. He was released to full duty with respect to his 2019 injury. However, regarding his 2017 injury, Plaintiff was released by his treating physician in early February 2021 with restrictions: he would be considered Temporarily Totally Disabled (TTD) if Defendant could not provide him with light duty work. On February 17, 2021, Defendant terminated Plaintiff's employment.
¶3 Plaintiff thereafter filed the instant action in district court, claiming Defendant wrongfully terminated him in violation of (A)(3) and (E). Subsection 7(A)(3) prohibits an employer from retaliating against an employee when the employee has in good faith instituted a workers' compensation proceeding. Subsection 7(E) prohibits an employer from discharging an employee during a period of TTD because the employee is absent from work or for the purpose of avoiding payment of TTD benefits.
¶4 Defendant then filed a special entry of appearance and motion to dismiss. Specifically, Defendant asserted that, pursuant to and based upon the dates of Plaintiff's injuries, exclusive jurisdiction to hear and decide this retaliatory discharge claim lies with the Workers' Compensation Commission. The district court agreed and dismissed Plaintiff's original petition. Plaintiff then filed an amended petition, which contained the same cause of action but added an alternative Burk tort claim. Defendant again moved to dismiss, adding that a Burk claim is not available when there is an adequate statutory remedy. The trial court dismissed Plaintiff's amended petition and he now appeals.
¶5 This matter stands submitted for accelerated appellate review without appellate briefs on the trial court record pursuant to Rule 4(m), Rules for District Courts, 12 O.S. 2021, Ch. 2, App. 1, and Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S. 2021, Ch. 15, App. 1. "This Court subjects a trial court's judgment dismissing a petition to de novo review." Wilson v. State ex rel. State Election Bd., , ¶4, . "Because courts may only hear cases over which they have jurisdiction, the general rule that motions to dismiss are viewed with disfavor does not apply to cases in which the court finds it lacks jurisdiction." Alexander v. Alexander, , ¶8, .
¶6 "For many years and by different statutes, the Legislature has provided legal remedies for workers who have been terminated from employment in retaliation for their efforts to obtain workers' compensation benefits." Young v. Station 27, Inc., , ¶13, . From the 1915 inception of Oklahoma's workers' compensation laws until 1976, employers were not liable to former employees for retaliatory discharge. Id. However, the 1976 amendments to the Workmen's Compensation Law added provisions allowing an employee to seek redress against an employer who takes adverse action against the employee for filing a claim, hiring a lawyer or testifying in a workers' compensation proceeding. 85 O.S. Supp. 1976 §§5-6. The Legislature provided that jurisdiction over such claims was vested in the district courts. Id. at §7. District court jurisdiction to hear retaliatory discharge claims continued under the Workers' Compensation Act adopted by the Legislature in 2011. See (E); Young at ¶16.
¶7 In 2013, the Administrative Workers' Compensation Act (AWCA) was created in Title 85A and became effective February 1, 2014. The former was replaced with similar provisions at . The new statute vested "exclusive jurisdiction to hear and decide" retaliatory discharge claims with the newly-created Workers' Compensation Commission. Id. at §7(B). However, in 2019, the Legislature returned exclusive jurisdiction to hear and decide workers' compensation-related retaliatory discharge claims to district courts. (B). This latest version regarding jurisdiction over retaliation claims took effect on May 28, 2019. To summarize: From 1976 to January 31, 2014, district courts had jurisdiction over workers' compensation-related retaliatory discharge claims; the Commission had jurisdiction to hear such claims between February 1, 2014, and May 27, 2019; and jurisdiction was returned to the district courts on May 28, 2019.
¶8 The Oklahoma Supreme Court has held "that a plaintiff's retaliatory discharge action is based upon the retaliatory discharge statute in effect when the workers' compensation injury occurred." Hopson v. Exterran Energy Solutions, , ¶3, , citing Young, . In both Hopson and Young, the plaintiffs were injured prior to the effective date of AWCA, but were terminated after AWCA took effect. The Court held both plaintiffs' retaliatory discharge claims were governed by of the Workers' Compensation Act and not by the later-enacted AWCA. Hopson at ¶4; Young at ¶10.
¶9 In the present case, Plaintiff's injuries occurred in May 2017 and April 2019. The retaliatory discharge statute in effect at the time of those injuries was . That statute vested exclusive jurisdiction over workers' compensation-related retaliatory discharge claims with the Commission. Accord , ¶10, in which the Attorney General correctly opined, pursuant to Hopson and Young, "retaliation claims relating to worker injuries occurring after February 1, 2014 but before May 28, 2019 are governed by the pre-[2019 amendments to] AWCA and jurisdiction lies with the Workers' Compensation Commission." The trial court correctly determined it lacked jurisdiction to decide Plaintiff's AWCA claim.
¶10 Alternatively, Plaintiff argues he is entitled to assert a Burk tort claim in district court. We disagree.
A viable Burk claim must allege (1) an actual or constructive discharge (2) of an at-will employee (3) in significant part for a reason that violates an Oklahoma public policy goal (4) that is found in Oklahoma's constitutional, statutory, or decisional law or in a federal constitutional provision that prescribes a norm of conduct for Oklahoma and (5) no statutory remedy exists that is adequate to protect the Oklahoma policy goal.
Vasek v. Board of County Comm'rs, , ¶14, (emphasis added).
¶11 In Young, the plaintiff sought to assert a Burk tort as an alternative remedy for her retaliation claim. The Court held "§341 provides an adequate statutory remedy in the District Court to implement the public policy reflected in §341 and such prevents plaintiff from using a Burk tort action." Young, at ¶24. The Court noted such "result is also consistent with the general principle stating when a statute creates both a right and a remedy for its enforcement the statutory remedy is exclusive." Young, at ¶24, n.63 (emphasis in original).
¶12 Like the former §341, sets forth Oklahoma's public policy regarding the discrimination or retaliation against an employee for filing or participating in a workers' compensation action, and prohibits employers from firing a temporarily totally disabled employee because of absence from work or to avoid payment of TTD benefits. Title (A), (B) and (D); (A) and (E). Both statutes cap damages at $100,000.00. Section 341(E); §7(C). Both statutes also provide for an exclusive venue to hear and decide discriminatory or retaliatory actions. Section 341(E); §7(B). Just as §341 was deemed to have created both a right and a remedy for its enforcement, §7 created a substantially similar right and a remedy. We hold §7 provides an adequate statutory remedy to implement the public policy reflected therein. Therefore, Plaintiff is prevented from asserting a Burk tort action.
¶13 In reaching the above conclusion, we specifically reject Plaintiff's argument that he is being treated unfairly because he was injured before May 27, 2019, but fired after that date. Plaintiff appears to argue that because others who were both injured and fired after May 27, 2019, are treated differently, he should be able to maintain a Burk tort claim. We reiterate, "The date of injury has long been the point in time in workers' compensation cases when rights of the parties become established . . . ." Williams Companies, Inc. v. Dunkelgod, , ¶14, .
The general rule is that the law in effect at the time of an employee's injury controls in workers' compensation matters. A compensation claim is controlled by the laws in existence at the time of injury and not by laws enacted thereafter. The right of an employee to compensation arises from the contractual relationship existing between the employee and the employer on the date of injury. The statutes then in force form a part of the contract and determine the substantive rights and obligations of the parties. No subsequent amendment can operate retrospectively to affect in any way the rights and obligations which are fixed.
King Mfg. v. Meadows, , ¶11, (footnotes omitted). Plaintiff has failed to demonstrate either why this Court should deviate from the above long-standing rules of workers' compensation application or how §7 fails to provide him with an adequate remedy.
¶14 On the basis of the foregoing and upon de novo review, we hold the trial court correctly dismissed Plaintiff's amended petition. Accordingly, the judgment of the trial court is affirmed.
¶15 AFFIRMED.
GOREE, J., and SWINTON, J., (sitting by designation) concur.
FOOTNOTES
 The current versions of subsections 7(A)(3) and (E) are identical to the 2013 versions. See LAWS 2019, c. 476, §5, emerg. eff. May 28, 2019.
 See Burk v. K-Mart Corp., , , which adopted a tort-based public policy exception to Oklahoma's employment-at-will doctrine.