HERNANDEZ v. EDUCATIONAL DEVELOPMENT CORP.
2022 OK CIV APP 21
513 P.3d 559
Case Number: 119832
Decided: 05/06/2022
Mandate Issued: 06/02/2022
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2022 OK CIV APP 21, 513 P.3d 559

 

WALDO HERNANDEZ, Plaintiff/Appellant,
v.
EDUCATIONAL DEVELOPMENT CORP., Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE KELLY GREENOUGH, TRIAL JUDGE

AFFIRMED

Tim Gilpin, GILPIN LAW OFFICE, Tulsa, Oklahoma, and
Patricia A. Podolec, Oklahoma City, Oklahoma, for Plaintiff/Appellant,

Stephanie L. Theban, Kristopher E. Koepsel, RIGGS, ABNEY, NEAL, TURPEN, ORBISON & LEWIS, Tulsa, Oklahoma, for Defendant/Appellee.

ROBERT D. BELL, PRESIDING JUDGE:

¶1 Plaintiff/Appellant, Waldo Hernandez, appeals from the trial court's dismissal of his retaliatory discharge action against Defendant/Appellee, Educational Development Corp. The trial court held the Workers' Compensation Commission, rather than the district court, has jurisdiction over Plaintiff's claim. We affirm.

¶2 Plaintiff suffered job-related injuries on two occasions while working for Defendant. The injuries occurred on some unspecified date in May 2017 and on or about April 16, 2019. Plaintiff filed for workers' compensation benefits and presumably received treatment for the same. He was released to full duty with respect to his 2019 injury. However, regarding his 2017 injury, Plaintiff was released by his treating physician in early February 2021 with restrictions: he would be considered Temporarily Totally Disabled (TTD) if Defendant could not provide him with light duty work. On February 17, 2021, Defendant terminated Plaintiff's employment.

¶3 Plaintiff thereafter filed the instant action in district court, claiming Defendant wrongfully terminated him in violation of 85A O.S. Supp. 2013 §7

¶4 Defendant then filed a special entry of appearance and motion to dismiss. Specifically, Defendant asserted that, pursuant to 85A O.S. 2013 §7Burk tort claim.Burk claim is not available when there is an adequate statutory remedy. The trial court dismissed Plaintiff's amended petition and he now appeals.

¶5 This matter stands submitted for accelerated appellate review without appellate briefs on the trial court record pursuant to Rule 4(m), Rules for District Courts, 12 O.S. 2021, Ch. 2, App. 1, and Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S. 2021, Ch. 15, App. 1. "This Court subjects a trial court's judgment dismissing a petition to de novo review." Wilson v. State ex rel. State Election Bd., 2012 OK 2270 P.3d 155Alexander v. Alexander, 2015 OK 52357 P.3d 481

¶6 "For many years and by different statutes, the Legislature has provided legal remedies for workers who have been terminated from employment in retaliation for their efforts to obtain workers' compensation benefits." Young v. Station 27, Inc., 2017 OK 68404 P.3d 829Id. However, the 1976 amendments to the Workmen's Compensation Law added provisions allowing an employee to seek redress against an employer who takes adverse action against the employee for filing a claim, hiring a lawyer or testifying in a workers' compensation proceeding. 85 O.S. Supp. 1976 §§5-6. The Legislature provided that jurisdiction over such claims was vested in the district courts. Id. at §7. District court jurisdiction to hear retaliatory discharge claims continued under the Workers' Compensation Act adopted by the Legislature in 2011. See 85 O.S. 2011 §341Young at ¶16.

¶7 In 2013, the Administrative Workers' Compensation Act (AWCA) was created in Title 85A and became effective February 1, 2014. The former 85 O.S. §34185A O.S. Supp. 2013 §7Id. at §7(B). However, in 2019, the Legislature returned exclusive jurisdiction to hear and decide workers' compensation-related retaliatory discharge claims to district courts. 85A O.S. Supp. 2019 §7

¶8 The Oklahoma Supreme Court has held "that a plaintiff's retaliatory discharge action is based upon the retaliatory discharge statute in effect when the workers' compensation injury occurred." Hopson v. Exterran Energy Solutions, 2018 OK 33417 P.3d 1194citing Young, 2017 OK 68Hopson and Young, the plaintiffs were injured prior to the effective date of AWCA, but were terminated after AWCA took effect. The Court held both plaintiffs' retaliatory discharge claims were governed by 85 O.S. 2011 §341Hopson at ¶4; Young at ¶10.

¶9 In the present case, Plaintiff's injuries occurred in May 2017 and April 2019. The retaliatory discharge statute in effect at the time of those injuries was 85A O.S. Supp. 2013 §7Accord 2019 OK AG 10Hopson and Young, "retaliation claims relating to worker injuries occurring after February 1, 2014 but before May 28, 2019 are governed by the pre-[2019 amendments to] AWCA and jurisdiction lies with the Workers' Compensation Commission." The trial court correctly determined it lacked jurisdiction to decide Plaintiff's AWCA claim.

¶10 Alternatively, Plaintiff argues he is entitled to assert a Burk tort claim in district court. We disagree.

A viable Burk claim must allege (1) an actual or constructive discharge (2) of an at-will employee (3) in significant part for a reason that violates an Oklahoma public policy goal (4) that is found in Oklahoma's constitutional, statutory, or decisional law or in a federal constitutional provision that prescribes a norm of conduct for Oklahoma and (5) no statutory remedy exists that is adequate to protect the Oklahoma policy goal.

Vasek v. Board of County Comm'rs, 2008 OK 35186 P.3d 928

¶11 In Young, the plaintiff sought to assert a Burk tort as an alternative remedy for her 85 O.S. 2011 §341Burk tort action." Young, 2017 OK 68general principle stating when a statute creates both a right and a remedy for its enforcement the statutory remedy is exclusive." Young, 2017 OK 68

¶12 Like the former §341, 85A O.S. Supp. 2013 §785 O.S. 2011 §34185A O.S. Supp. 2013 §7Burk tort action.

¶13 In reaching the above conclusion, we specifically reject Plaintiff's argument that he is being treated unfairly because he was injured before May 27, 2019, but fired after that date. Plaintiff appears to argue that because others who were both injured and fired after May 27, 2019, are treated differently, he should be able to maintain a Burk tort claim. We reiterate, "The date of injury has long been the point in time in workers' compensation cases when rights of the parties become established . . . ." Williams Companies, Inc. v. Dunkelgod, 2012 OK 96295 P.3d 1107

The general rule is that the law in effect at the time of an employee's injury controls in workers' compensation matters. A compensation claim is controlled by the laws in existence at the time of injury and not by laws enacted thereafter. The right of an employee to compensation arises from the contractual relationship existing between the employee and the employer on the date of injury. The statutes then in force form a part of the contract and determine the substantive rights and obligations of the parties. No subsequent amendment can operate retrospectively to affect in any way the rights and obligations which are fixed.

King Mfg. v. Meadows, 2005 OK 78127 P.3d 584

¶14 On the basis of the foregoing and upon de novo review, we hold the trial court correctly dismissed Plaintiff's amended petition. Accordingly, the judgment of the trial court is affirmed.

¶15 AFFIRMED.

GOREE, J., and SWINTON, J., (sitting by designation) concur.

FOOTNOTES

See LAWS 2019, c. 476, §5, emerg. eff. May 28, 2019.

See Burk v. K-Mart Corp., 1989 OK 22770 P.2d 24